Lou Virginia DANOS, individually and
as next friend of Ryan Cochran, a
Minor, Petitioner,

v.

Kevin RITTGER, M.D., Respondent.

No. 07–0312.

Supreme Court of Texas.

April 11, 2008.

Richard N. Countiss, Countiss Law Firm, Jacquelyn C. Gregan, Heidi Olsen Vicknair, Haskins & Gregan, Houston, TX, for Petitioner.

Jeffrey H. Uzick, Roger A. Berger, Uzick Oncken Scheuerman & Berger, Houston, TX, for Respondent.

PER CURIAM.

Virginia Danos filed this suit claiming an emergency room physician, Dr. Kevin Rittger, was negligent in failing to diagnose a left-middle cerebral artery stroke. As required by statute, within 120 days of filing Danos served the curriculum vita and expert reports of Dr. Dave David and Dr. Frank Baker.[1] Dr. Rittger moved for dismissal and attorney's fees on the ground that Dr. Baker's report was inadequate.[2] The trial court ruled that the report was deficient and gave Danos thirty days to cure the deficiency.[3] Within thirty days, Danos filed a new report from Dr. Baker and filed a report from John Meyer, M.D., a neurological expert not previously designated. The defendants once again timely moved to dismiss. The trial court granted the motion to dismiss, finding Dr. Baker's report inadequate and ruling that Danos could not file a report from a new expert. The court of appeals affirmed.[4]

For the reasons stated today in *Lewis v. Funderburk*,[5] we hold that the statute allows a claimant to cure a deficiency and that requirement may be satisfied by serving a report from a separate expert. The court of appeals erred by concluding otherwise.

Accordingly, we grant the petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse

---

1. TEX. CIV. PRAC. & REM.CODE § 74.351(a).

2. *See id.* § 74.351(b).

3. *See id.* § 74.351(c).

4. 253 S.W.3d 294.

5. 253 S.W.3d 204 (Tex.2008).

the court of appeals' judgment and remand the case to the trial court to consider the adequacy of Dr. Meyer's expert report.

---

1. TEX. CIV. PRAC. & REM.CODE § 74.351(a).

